CRAFT, d.b.a. Lima Depilatron, Appellant,

v.

OHIO STATE BOARD OF COSMETOLOGY, Appellee.

[Cite as *Craft v. Ohio State Bd. of Cosmetology* (1995), 107 Ohio App.3d 541.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–33.

Decided Nov. 29, 1995.

*King & Blair* and *James C. King,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Barry A. Wurgler,* Assistant Attorney General, for appellee.

---

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from the decision of the Allen County Court of Common Pleas affirming an administrative order by the Ohio State Board of Cosmetology imposing a fine and revoking the cosmetology license of appellant, Patricia Craft, d.b.a. Lima Depilatron.

Appellant has been the proprietor of Lima Depilatron since 1977. During this time, appellant has offered hair removal services to her customers through a "depilatron" procedure and electrolysis. The depilatron method of hair removal involves the use of an electronic shielded tweezer, through which a shortwave current is passed through the hair and into the root causing it to coagulate, thereby preventing regrowth. This process differs from electrolysis, in which hair is removed by application of an electric current through a needle inserted into the hair root. Unlike electrolysis, the depilatron method involves no penetration of the skin.

In January 1992, appellant received a notice from the Ohio State Board of Cosmetology, informing appellant that pursuant to H.B. No. 322, the licensure and regulation of all electrology procedures were to be transferred from the Board of Cosmetology to the State Medical Board effective January 31, 1993. Prior to the change, the Medical Board had regulated the licensed profession of cosmetic therapy, which differs from electrology solely in the number of training hours and facial massage techniques utilized. The change in regulating body, therefore, was merely an attempt to have the same procedure governed by a single state board.

At the time the notice was received, appellant was a cosmetic therapist licensed by the Medical Board. However, she employed a person not licensed by the

Medical Board to provide electrology services using the depilatron method. This employee, Jeanne Watkins, was only licensed by the Board of Cosmetology as a managing cosmetologist. However, when H.B. No. 322 became effective, Watkins did not seek licensure from the Medical Board.

On April 26, 1994, an inspector employed by the Board of Cosmetology reported that Watkins was providing cosmetic therapy by using the depilatron method of hair removal. As this process was accomplished by the use an electric modality and was therefore regulated by the State Medical Board, Watkins was providing services without a proper license in violation of R.C. 4713.12. On May 23, 1994, Executive Director of the Board of Cosmetology, Patrick Keys, issued appellant a notice of opportunity for a hearing as to whether her license should be fined, suspended, or revoked for this and other violations.

On July 25, 1994, a formal hearing was conducted before a hearing officer. Upon consideration of the evidence and testimony presented, the hearing officer issued his written report which recommended that appellant's beauty salon license be revoked and that a fine of $150 be levied against her. The Cosmetology Board reviewed and adopted the hearing officer's report and issued its order imposing the penalties recommended in the report. From that order, appellant appealed to the Court of Common Pleas of Allen County. On April 28, 1995, the court affirmed the order of the Cosmetology Board. It is from this decision that appellant, Patricia Craft, now appeals, citing the following assignments of error:

"I. The Ohio Board of Cosmetology erred in holding that Appellant permitted an unlicensed person to perform services which required a cosmetic therapist license.

"II The Ohio Board of Cosmetology erred in revoking appellant's cosmetology license as said license is necessary to perform depilatron procedure."

Both of these assignments of error hinge upon the determination of whether the depilatron method of hair removal is a process of cosmetic therapy. R.C. 4731.15 defines "cosmetic therapy" as "the systematic friction, stroking, slapping, and kneading or tapping to the face, neck, scalp, or shoulders through the use of approved electric modalities, and additionally may include the permanent removal of hair from the human body through the use of approved electric modalities."

Pursuant to R.C. 1.42, words and phrases shall be read in context and construed according to the rules of grammar and common usage. The term "modality" is defined as "[a] method of therapy, usually physical, such as massage, or an apparatus for such a therapy." American Heritage Dictionary (2 Ed.1985) 806.

■ Since the depilatron procedure utilizes an electric tweezer to coagulate the hair root and permanently remove hair, it is an electric modality and falls under the statutory definition of cosmetic therapy. Therefore, the procedure is properly regulated by the Ohio State Medical Board. Since Watkins was not licensed by the Medical Board, we find no abuse of discretion in the lower court's decision to levy a fine and revoke appellant's cosmetology license. Consequently, we overrule both assignments of error and affirm the decision of the Allen County Court of Common Pleas.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.